# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ABDALLA, | CV F 02 5453 REC SMS P |
| Plaintiff, | **AMENDED** |
| v. | ORDER DENYING MOTION FOR COURT ORDER TO HAVE MARSHALL'S FIND AND SERVE DEFENDANTS (Doc. 78.) |
| KRAMER, ET. AL., | ORDER TO SHOW CAUSE WHY DEFENDANTS DALY AND CAMMISO SHOULD NOT BE DISMISSED FROM THE ACTION |
| Defendants. | |

Mohamed Abdalla ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 29, 2005, Plaintiff filed a Motion for Court Order to the U.S. Marshal to Locate and Serve Defendants Rexin, Daly and Commiso. Plaintiff states that these individuals were unable to be served.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

1

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m). In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. Pro. 4(c)(2).

In this case, the information regarding Defendants Rexin, Daly and Cammiso were provided by Plaintiff. According to the Court records, on September 9, 2004, the U.S. Marshal returned the writ for Defendant Cammiso unexecuted noting that Defendant Camisso was no longer employed at Sierra Conservation Center but had retired and the Marshal was unable to locate him. (Doc. 55.) Also on September 9, 2004, the writ for Defendant Daly was returned unexecuted noting that he had transferred to Salinas but was no longer employed there. (Doc. 56.) Defendant Rexin waived service on September 10, 2005, and is part of the action. (Doc. 63.) According to the Court records, the U.S. Marshal used the information provided by Plaintiff to locate Defendants Cammiso and Daly and were unsuccessful. The responsibility to provide the information, however, belongs to Plaintiff. The U.S. Marshal is required to serve on Plaintiff's behalf using only the information provided by Plaintiff. They are not required to do an independent investigation to find more current or accurate information than that provided by Plaintiff.

"'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th

Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

As noted above, the information provided by Plaintiff was insufficient to allow the U.S. Marshal to serve Defendants Daly and Cammiso.  Accordingly, the Court will provided Plaintiff the opportunity to Show Cause why Defendants Daly and Cammiso should not be dismissed from the action.

The Court HEREBY ORDERS:

1. Plaintiff's Motion to Serve Defendants Daly, Cammiso and Rexin is DENIED;

2. Plaintiff is ORDERED TO SHOW CAUSE **within THIRTY (30) days of the date of service of this Order,** why Defendants Daly and Cammiso should not be dismissed from the action for lack of service.[1]

Plaintiff is forewarned that his failure to show cause may result in a recommendation that Defendants Cammiso and Daly be dismissed from the action.

IT IS SO ORDERED.

**Dated:   October 6, 2005**             /s/ Sandra M. Snyder
b6edp0                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Should Plaintiff have more current information on the whereabouts of the unserved Defendants, he should provide it to the Court at this time.

3