UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOHAMMED ABDALLA, | ) | 1:02-CV-05453-REC-SMS-P |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING RE-SERVICE |
| | ) | BY THE UNITED STATES MARSHAL |
| v. | ) | WITHOUT PREPAYMENT OF COSTS |
| | ) | |
| M. C. KRAMER, et al., | ) | |
| | ) | As to defendant J. Daly |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. The court previously ordered plaintiff to provide information for service of process on form USM-285. Plaintiff filed the required papers. On September 9, 2004, the United States Marshal filed a return of service unexecuted as to defendant Daly, with a notation that J. Daly had transferred employment from Sierra Conservation Camp to Salinas Valley State Prison (SVSP) but was no longer working at SVSP. On October 5, 2005, the court issued an order for plaintiff to show cause why defendant Daly should not be dismissed from the complaint. On October 21, 2005, plaintiff filed a response to the order, notifying the court that defendant Daly currently works at SVSP and requesting that service be re-attempted. Therefore, the United States Marshal shall be ordered to re-serve process on defendant Daly at Salinas Valley State Prison. Accordingly, IT IS HEREBY ORDERED that:

    1.    The Clerk of the Court is directed to forward the following documents to the United States Marshal:

      (1)    One completed and issued summons for defendant Daly ;

      (2)    One completed USM-285 form for defendant Daly;

      (3)    One copy of the operative complaint for defendant Daly, plus an extra copy for the Marshal;

      (4)    One copy of this order for defendant Daly, plus an extra copy for the Marshal; and

      (5)    One copy of the court's consent form for defendant Daly.

2. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendant **J. DALY** of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

3. The U.S. Marshal is directed to retain the summons and a copy of the complaint in their file for future use.

4. The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

5. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

    a.    Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

    b.    Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing

new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6. In the event that defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve the defendant.

7. In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint.  42 U.S.C. §1997e(g)(2).

IT IS SO ORDERED.

**Dated:   November 15, 2005**                    **/s/ Sandra M. Snyder**
b6edp0                                                    UNITED STATES MAGISTRATE JUDGE