# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOHAMMED ABDALLA,

    Plaintiff,

v.

M.C. KRAMER, et. al.,

    Defendants.

CV F 02 5453 REC SMS P

ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 92.)

    Mohammed Abdalla ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On December 13, 2005, Plaintiff moved for reconsideration of the Court's Order discharging the Order to Show Cause why default should not be entered against Defendant Rexin. Defendant Rexin responded to the Order to Show Cause on October 26, 2005. On October 24, 2005, Defendant Rexin also moved for an extension of time to file a late Answer. The Court discharged the Order to Show Cause on November 9, 2005, and granted Defendant Rexin time to file his Answer.

    Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local

Rule 78-230(k)(3).

In this case, Plaintiff alleges that the new facts are that he did file an Opposition to the Motion to file a late Answer. While this is true, the Court did not have in its possession Plaintiff's Opposition when it issued the Order discharging the Order to Show Cause. The Order discharging is dated November 9, 2005, where the docket shows that Plaintiff's Opposition was filed on November 10, 2005. In any event, the Court did not discharge the Order to Show Cause on the basis of Plaintiff's failure to file an Opposition. The statement that Plaintiff did not file an Opposition was merely a reference to that fact. The Order discharging the Order to Show Cause was based on the explanation provided by Defendants - namely that Defendant Rexin did not inform the Office of the Attorney General that he had waived service nor did he request representation.[1] Given the explanation, the Court found that Defendant Rexin "showed good cause" why default should not be entered. As a result, the Order was discharged and Defendant Rexin was granted leave to file an Answer.

Even had the Court had in its possession Plaintiff's Opposition at the time it issued its order, the conclusion and Order would remain unchanged. Plaintiff's objections to the Motion are that Plaintiff is indigent and that he believed that the Attorney General was biased. Plaintiff further alleges that Defendant Rexin should have known what a "waiver" means. However, whether Defendant Rexin understands waiver is irrelevant here as that was not the cause shown to excuse entry of default. The justification for not filing an Answer was that Defendant Rexin did not expressly request representation by the Attorney General. As stated above, such representation cannot take effect until such a request is made by a Defendant on whom the onus rests in obtaining representation. Plaintiff also states that granting Defendant Rexin time to Answer to the allegations in his Complaint prejudices him because he has been seeking retribution and resolution of this case for eight (8) years. Again, it is true that this case has been pending since 2002, however, it has not been inactive for that period of time. Moreover, the fact

---

[1] Plaintiff's characterization that Defendants did not know Defendant Rexin was a party is incorrect. The Declaration provides that Defendant Rexin *did not request* representation by the Attorney General's office, which is required before the Office of the Attorney General can act on a Defendant's behalf.

1 that the Court allows Defendant Rexin to Answer to the allegations in the Complaint does not
2 prejudice Plaintiff in that it is part of the process of the case and furthers Plaintiff's desire to
3 resolve the case.   Plaintiff apparently believes that by entering default against Defendant Rexin
4 for not filing an Answer, the case is concluded, however, this is not so.  Entry of default is
5 appropriate as to any party against whom a judgment for affirmative relief is sought that has
6 failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and
7 where that fact is made to appear by affidavit or otherwise.  <u>See</u> Fed. R. Civ. P. 55(a).  Plaintiff is
8 reminded that "[f]or good cause shown the court may set aside an entry of default and, if a
9 judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."
10 Fed. R. Civ. Pro. 55(c).  Thus, even had the Court entered default, for good cause shown, it could
11 also set it aside and allow the party to proceed.

12     Plaintiff's contentions that the Defendant's pleadings are unsigned or that the Court
13 Orders are unsigned is simply without merit.  This Court processes cases by way of electronic
14 filing.  Thus, a handwritten signature is not the method by which Orders or pleadings submitted
15 electronically are signed.

16     The Court HEREBY ORDERS the Motion for Reconsideration is DENIED.

18 IT IS SO ORDERED.
19 **Dated:   December 15, 2005**             **/s/ Sandra M. Snyder**
   icido3                                              UNITED STATES MAGISTRATE JUDGE

3