1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MOHAMED ABDALLA,                              CV F 02 5453 REC SMS P

            Plaintiff,

                                             ORDER TO SHOW CAUSE WHY
    v.                                       DEFENDANTS DALY SHOULD NOT BE
                                             DISMISSED FROM THE ACTION

KRAMER, ET. AL.,

            Defendants.
_____/

        Mohamed Abdalla ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

action filed pursuant to 42 U.S.C. § 1983.

        This action was filed on April 23, 2002.   After a series of fits and starts, the Court

granted Plaintiff's Application to proceed In Forma Pauperis and directed the U.S. Marshal to

effect service of the Complaint on Plaintiff's behalf.  The U.S. Marshal was able to effect service

on all Defendants but Defendants Cammiso and Daly.  Defendants filed a Motion for Summary

Judgment on July 5, 2005.

        On October 5, 2005, the Court issued an Order to Show Cause why Defendants Cammiso

and Daly should not be dismissed from the action.  Plaintiff responded and the Court on October

21, 2005, stating that Defendant Daly was now working at Salinas Valley State Prison.  Plaintiff

also agreed to dismiss Defendant Cammiso.  (Doc. 83.)   On November 16, 2005, the Court

directed the U.S. Marshal to attempt re-service on Defendant Daly.  On March 6, 2005, the

summons for Defendant Daly was returned unexecuted.

1

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting* Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (*quoting* Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Here, the Court has attempted service on Defendant Daly at least twice. Following the first return of the summons unexecuted, the Court provided Plaintiff with the opportunity to provide further information for purposes of service. Plaintiff then informed the Court that Defendant Daly was now employed at Salinas Valley State Prison, however, the attempted service on him there was unfruitful. The Court will provide Plaintiff with one further opportunity to provide the Marshal with current address at which Defendant Daly can be located. If Plaintiff fails to do so, Defendant Daly (and Defendant Cammiso)[1] will be dismissed from the action, without prejudice.

---

[1]Plaintiff previously agreed to the dismissal of Defendant Cammiso from the Complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Within **TWENTY (20) days** from the date of service of this order, Plaintiff shall SHOW CAUSE why Defendant Daly should not be dismissed from this action; and

2.      The failure to respond to this order or the failure to show cause will result in a recommendation that Defendant Daly be dismissed from this action.

IT IS SO ORDERED.

**Dated:    March 30, 2006**                            **/s/ Sandra M. Snyder**
icido3                                                    UNITED STATES MAGISTRATE JUDGE