UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ABDALLA,<br><br>    Plaintiff,<br><br>  v.<br><br>KRAMER, ET. AL.,<br><br>    Defendants. | CV F 02 5453 REC SMS P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS CAMMISO AND DALY FROM ACTION |

   Mohamed Abdalla ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   Plaintiff filed this action on April 23, 2002, against Defendants Sydenstricker, Witwer, Bird, Rexin, Cammiso and Daly. Defendants Sydenstricker, Witwer and Bird were successfully served with the Complaint by the U.S. Marshal. However, Defendants Rexin, Cammiso and Daly were not. Defendants Sydenstricker, Witwer and Bird filed a Motion for Summary Judgment on July 5, 2005, which is pending before the District Court following the issuance of Findings and Recommendations on April 14, 2006, by the undersigned. Defendant Rexin was later served and filed an Answer on November 23, 2005. However, service was again returned unexecuted for Defendants Cammiso and Daly.

   This Court issued an Order to Show Cause on October 5, 2005, why Defendants Daly and Cammiso should not be dismissed from the action. Plaintiff responded to the Order on October 21, 2005, providing further information on the whereabouts of Defendant Daly. Plaintiff also

1  moved to dismiss Defendant Cammiso from the action. (Doc. 83.)

2      Based on Plaintiff's response, the Court ordered that service on Defendant Daly be again
3  attempted by the U.S. Marshal. On March 6, 2006, service was again returned unexecuted. On
4  March 31, 2006, the Court issued a second Order to Show Cause why Defendant Daly should not
5  be dismissed from the action. Plaintiff responded on April 25, 2006, stating that he wished to
6  call Defendant Daly as a witness and thus, Defendant Daly should not be dismissed from the
7  action. Plaintiff then requested that the Court issue another Order directing the U.S. Marshal to
8  serve Defendant Daly.

9      Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

10     [i]f service of the summons and complaint is not made upon a defendant within
       120 days after the filing of the complaint, the court, upon motion or on its own
11     initiative after notice to the plaintiff, shall dismiss the action without prejudice as
       to that defendant or direct that service be effected within a specified time;
12     provided that if the plaintiff shows good cause for the failure, the court shall
       extend the time for service for an appropriate period.
13
   Fed. R. Civ. P. 4(m).
14
       In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon
15
   order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n
16
   incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal
17
   for service of the summons and complaint and ... should not be penalized by having his action
18
   dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to
19
   perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting* Puett v.
20
   Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor,
21
   515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to
22
   identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"
23
   Walker, 14 F.3d at 1422 (*quoting* Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).
24
   However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient
25
   information to effect service of the summons and complaint, the court's sua sponte dismissal of
26
   the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.
27
       In this case, the instant action was filed on April 23, 2002, and to date, the U.S. Marshal
28

has been unable to effect service on him.  According to the Court record, service on Defendant Daly has been returned unexecuted on August 22, 2002, October 15, 2002, February 21, 2003, September 9, 2004, and finally on March 6, 2006.   Moreover, the case has progressed through discovery to and including summary judgment for all but one of the Defendants.   Plaintiff's justification that he wishes to call Defendant Daly as a witness alone is insufficient to assist the U.S. Marshal in effecting service.

Accordingly, the Court RECOMMENDS that Plaintiff's request to dismiss Defendant Cammiso from the action be GRANTED, and that Defendant Daly also be DISMISSED from the action for failure to effect service.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within TWENTY (20) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 2, 2006**                             /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE