UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ABDALLA, | CV F   02 5453 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR JUDICIAL NOTICE, TO AMEND, JUDICIAL INTERVENTION AND FOR CLARIFICATION (Doc. 11.) |
| M.C. KRAMER, et. al., | |
| Defendants. | |

Mohamed Abdalla ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 18, 2006, Plaintiff filed a pleading titled "Request for Judicial Intervention by Chief Justice David F. Levi."  In this document, Plaintiff asks that the Chief Judge correct what he perceives is an error in his case.  Specifically, Plaintiff states that the undersigned "states that the 'Scheduling Order' dated February 7, 2006 would not apply to plaintiff's request for production of documents because the magistrate stated that said request was untimely."[1]  Plaintiff then asks that the Court take judicial notice of the fact that during his deposition, he was

---

[1] Plaintiff is reminded that discovery can only be conducted with respect to the active claims in the action and Defendants who remain Defendants in the action. Plaintiff cannot conduct discovery on Defendants or issues that have been dismissed from the case.

1  promised that he would receive a copy of the documents sought and has waited approximately
2  five months for them. (Request at 1.)   The Court has reviewed the court record, however, and
3  finds that there is no record of a Motion to Compel production of documents filed by Plaintiff.
4  Further, there appears to be no Order in which Plaintiff was informed by the undersigned that his
5  request for production of documents was untimely.   Further, Plaintiff's request for judicial
6  notice of facts that took place at a deposition is improper.

7  The Court may take judicial notice of facts that are capable of accurate and ready
8  determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R.
9  Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  Judicial notice
10 may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1
11 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d
12 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir.
13 1980).  Conversations or events taking place at a deposition is not the type of fact that is capable
14 of judicial notice.  Thus, any request for judicial notice is DENIED.

15 Plaintiff's request to amend his complaint to modify a date concerning treatment given by
16 a Defendant dismissed from this action is DENIED.  This Court recommended that Defendant
17 Camiso be dismissed from the action for Plaintiff's failure to effect service of the Complaint
18 upon him.  Thus, modifying a date in the Complaint with respect to when Plaintiff received
19 treatment by Defendant Camiso would not change the Court's recommendation.  As such,
20 Plaintiff's attempts to amend would be futile.  While leave to amend should be freely given if
21 justice requires, the Court may deny leave to amend if the amendment would be futile or subject
22 to dismissal.  Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).
23 Accordingly, Plaintiff's request to amend is DENIED.

24 Plaintiff is further informed that he may not seek review of his case from the chief judge.
25 Should Plaintiff be dissatisfied with Orders of this Court he may seek reconsideration under the
26 Local Rules, file Objections when appropriate or file an appeal.  There is no mechanism for
27 Plaintiff to seek intervention by the Chief Judge of a case which has not been assigned to him.
28 Finally, Plaintiff's request for clarification of the Order transferring this case from one

district court judge to another is DENIED.  The Order itself provides sufficient explanation.

       The Court HEREBY ORDERS:

1.     Plaintiff's Request for Judicial Notice is DENIED;

2.     Plaintiff's Request to Amend is DENIED;

3.     Plaintiff's Request for Judicial intervention is DENIED; and

4.     Plaintiff's Request for Clarification is DENIED.

IT IS SO ORDERED.

**Dated:**   **July 18, 2006**                  /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE