# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ABDALLA, | CV F   02  5453 AWI SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR SUMMARY JUDGMENT (Doc. 119 ) |
| KRAMER, et. al., | |
| Defendants. | |

Mohammed Abdalla ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A.  RELEVANT PROCEDURAL HISTORY**

This action is proceeding on the First Amended Complaint filed on June 17, 2002, against Defendant Rexin only.[1]  On December 4, 2006, Defendant Rexin filed a Motion for Summary Judgment. (Doc. 119.)   Plaintiff filed an Opposition on January 19, 2007. (Doc. 126.)

**B. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the

---

[1] Defendants Kramer and Howard were dismissed from the action on April 11, 2006, for Plaintiff's failure to state a claim against them. (Court Docs. 25, 102). Defendants Bird, Sydenstricker and Witwer were dismissed via summary judgment on May 30, 2006. (Court Docs. 103, 106.)  Findings and Recommendations to dismiss Defendants Cammiso (voluntary dismissal by Plaintiff) and Daly (failure to effect service) were issued on June 2, 2006. (Doc. 108) The District Court has not yet issued an Order regarding these Findings and Recommendations.

1

>pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a Summary Judgment Motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (*quoting* Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the Motion for Summary Judgment, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (*citing* United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(*per curiam*). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (*citation omitted*).

## C. UNDISPUTED FACTS[2]

1. On November 15, 2000, while working at the Prison Industry Authority ("PIA"), at California Department of Corrections ("CDC"), Sierra Conservation Center, Plaintiff injured himself while lifting a box of clothing.

2. Defendant Rexin was employed at Sierra Conservation Center as a physician and

---

[2] Although Plaintiff filed an Opposition to Defendant Rexin's Motion for Summary Judgment, he did not admit or deny the facts set forth by Defendants as undisputed nor die he file a separate statement of disputed facts. Local Rule 56-260(b). Therefore, the Court compiled the statement of undisputed facts from Defendant's statement of undisputed facts and Plaintiff's verified Amended Complaint and Opposition. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998) (verified complaints and oppositions constitute opposing affidavits for purposes of the summary judgment rule if they are based on facts within the pleader's personal knowledge). Because Plaintiff neither submitted his own statement of disputed facts nor addressed Defendants' statement of undisputed facts, the Court accepts Defendants' version of the facts where Plaintiff's verified Amended Complaint and Opposition are not contradictory. Accordingly, these facts are undisputed solely for the purpose of the instant Motion for Summary Judgment.

surgeon from March 1997, through December 1998.

3. Defendant Rexin was not employed by CDC or working at Sierra Conservation Center on November 15, 2000.

**D. ANALYSIS**

### *1. Summary of Complaint*[3]

With respect to the allegations against Defendant Rexin, Plaintiff alleges in the Amended Complaint that he first injured his back in 1997. At that time, Defendant Rexin provided Plaintiff with pain medication and an x-ray of his back taken on September 10, 1997, did not reveal the cause of Plaintiff's pain. Plaintiff states that over the next three years he continued to experience pain and that he made several requests to Defendant Dr. Rexin for some form of relief but his requests fell on "deaf ears."

### *2. Eighth Amendment Medical Claim*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

---

[3]This summary includes only those allegations made in the Amended Complaint against this Defendant.

4

Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*).  Moreover, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

In this case, the Court finds that Defendant Rexin has failed to meet his burden in establishing that no disputed issue of fact exists warranting trial.  As evidence in support of his Motion, Defendant Rexin cites solely to Findings and Recommendations concerning a Motion for Summary Judgment filed by Defendants Sydenstricker, Witwer and Bird.  (Doc. 103.)  Defendant states that in those Findings this Court established that the sole basis of Plaintiff's claims in the Amended Complaint concerned the injury he sustained on November 15, 2000, and while employed at the PIA at Sierra Conservation Center.   It is unclear to the Court, however, how Defendant Rexin believes he can rely on findings made by the Court on a Motion that was not filed by him, was filed before he himself filed a responsive pleading in the case and most

importantly, that concerned entirely separate claims and defendants in the action. The operative pleading in this action *is* the Amended Complaint. (Doc. 5.) In the Amended Complaint, Plaintiff alleges that Defendant Rexin violated his rights in 1997, when Defendant Rexin examined him. (Am. Compl. at 11.) Thus, Defendant's reliance on this Courts findings regarding events that occurred in November 2000, and thereafter, do not establish the absence of a genuine issue of material fact as to the allegation that Defendant Rexin violated Plaintiff's rights in 1997. As such, Defendant Rexin has failed to meet his burden on summary judgment.

**E. CONCLUSION AND RECOMMENDATION**

The Court RECOMMENDS that the Motion for Summary Judgment filed by Defendant Rexin be DENIED. The Court also recommends that the Defendant be permitted to file a Second Motion for Summary Judgment addressing the allegations actually made in the Amended Complaint within thirty (30) days of the resolution of these Findings by the District Court.

The Court further ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 31, 2007**              **/s/ Sandra M. Snyder**
icido3                                     UNITED STATES MAGISTRATE JUDGE

6