# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ABDALLA, | 1:02-cv-05453-LJO-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DENY DEFENDANT REXIN'S SECOND MOTION FOR SUMMARY JUDGMENT (Doc. 131) |
| v. | |
| REXIN, | OBJECTIONS, IF ANY, DUE IN TWENTY DAYS |
| Defendant. | |

Plaintiff, Mohammed Abdalla ("plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Now pending before the court is defendant Rexin's second motion for summary judgment filed April 20, 2007. (Doc. 131.)

**A.   RELEVANT PROCEDURAL HISTORY**

This action is proceeding on the first amended complaint filed on June 17, 2002, against defendant Rexin ("defendant") only, for inadequate medical care in violation of the Eighth Amendment.[1] (Doc. 5.) On December 4, 2006, defendant filed a motion for summary judgment, a memorandum of points and authorities, a statement of undisputed facts, and two declarations in support of the motion for summary judgment. (Doc. 119.) Defendant's first motion for summary judgment was denied on April 12, 2007, (Doc. 130), with leave to file a second motion for

---

[1] Defendants Kramer and Howard were dismissed from the action on April 11, 2006, for plaintiff's failure to state a claim against them. (Docs. 25, 102). Defendants Bird, Sydenstricker and Witwer were dismissed via summary judgment on May 30, 2006. (Docs. 103, 106.) Defendants Cammiso and Daly were dismissed from the action on February 20, 2007, Cammiso on plaintiff's motion to dismiss and Daly for plaintiff's failure to effect service. (Doc. 129.)

1

summary judgment. On April 20, 2007, defendant filed a second motion for summary judgment, a memorandum of points and authorities, a statement of undisputed facts, and exhibits in support of the motion for summary judgment.[2] (Docs. 131-134.) Plaintiff filed a response in opposition to the motion for summary judgment on May 7, 2007, and May 10, 2007.[3] (Docs. 135, 136.) Defendant filed a reply to plaintiff's opposition on May 31, 2007. (Doc. 137.)

**B. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a Summary Judgment Motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

---

[2] The court's order gave defendant leave to file a second motion for summary judgment "addressing the allegations actually made in the first amended complaint." (Doc. 130 at 2.) However, defendant's second motion for summary judgment is based only on the statute of limitations issue, even though it purports initially to be based on plaintiff's medical care claims. (Doc. 131.) Therefore, the court here addresses only the statute of limitations issue.

[3] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed August 6, 2004. (Doc. 53.) Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

1    If the moving party meets its initial responsibility, the burden then shifts to the opposing
2 party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec.
3 Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).
4    In attempting to establish the existence of this factual dispute, the opposing party may not
5 rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the
6 form of affidavits, and/or admissible discovery material, in support of its contention that the
7 dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must
8 demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the
9 suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W.
10 Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that
11 the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for
12 the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).
13    In the endeavor to establish the existence of a factual dispute, the opposing party need not
14 establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
15 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
16 trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
17 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
18 Matsushita, 475 U.S. at 587 (*quoting* Fed. R. Civ. P. 56(e) advisory committee's note on 1963
19 amendments).
20    In resolving the Motion for Summary Judgment, the court examines the pleadings,
21 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
22 any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at
23 255, and all reasonable inferences that may be drawn from the facts placed before the court must
24 be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (*citing* United States v.
25 Diebold, Inc., 369 U.S. 654, 655 (1962) (*per curiam*). Nevertheless, inferences are not drawn out
26 of the air, and it is the opposing party's obligation to produce a factual predicate from which the
27 inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D.
28 Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**C.   UNDISPUTED FACTS**[4]

1. Plaintiff filed his original complaint under 42 U.S.C. § 1983 on or about April 24, 2002.[5]

2. Plaintiff filed his first amended complaint on or about June 18, 2002.[6]

3. Defendant Rexin was employed at the Sierra Conservation Center as a physician and surgeon from March, 1997, through December, 1998.

4. Defendant Rexin examined and treated plaintiff only in 1997.

5. Defendant Rexin did not and could not have treated plaintiff after December 31, 1998, as he had already left his employment with the California Department of Corrections and Rehabilitation.

**D.   SUMMARY OF FIRST AMENDED COMPLAINT**

With respect to the allegations against defendant Rexin, plaintiff alleges in the first amended complaint that he first injured his back in 1997. At that time, defendant provided plaintiff with pain medication, and an x-ray of his back taken on September 10, 1997, did not reveal the cause of plaintiff's pain. Plaintiff states that over the next three years he continued to experience pain and that he made several requests to defendant for some form of relief but his requests fell on "deaf ears."

///

---

[4] Plaintiff filed an opposition to defendant's second motion for summary judgment on May 4, 2007. (Doc. 135.) However, plaintiff did not admit or deny the facts set forth by defendant as undisputed facts, nor did he file a separate statement of disputed facts. Therefore, the court compiled the statement of undisputed facts from defendant's statement of undisputed facts and plaintiff's verified first amended complaint and opposition. Johnson v. Melzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998) (verified complaints and oppositions constitute opposing affidavits for purposes of the summary judgment rule if they are based on facts within the pleader's personal knowledge). Because plaintiff neither submitted his own statement of disputed facts nor addressed defendant's statement of undisputed facts, the court accepts defendant's version of the facts where plaintiff's verified first amended complaint and opposition are not contradictory. Accordingly, the following facts are undisputed for the purpose of this motion.

[5] In fact, the original complaint was filed on April 23, 2002. (Court Docket, Doc. 1.)

[6] In fact, the first amended complaint was filed on June 17, 2002. (Court Docket, Doc. 5.)

E.   DISCUSSION

Defendant argues that he is entitled to judgment as a matter of law because plaintiff's claims are barred by the statute of limitations under section 335.1 of the California Code of Civil Procedure. Defendant argues that the applicable statute of limitations for personal injury actions was only one year when plaintiff's action accrued against defendant in 1997 or 1998. Defendant argues that because plaintiff's complaint against him was filed over four years after the fact, the entire action against defendant Rexin is time-barred.

1.   **Statute of Limitations**

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended from one year to two years effective January 1, 2003. The two-year statute of limitations does not apply retroactively to claims that accrued prior to January 1, 2003. Cal. Civ. Proc. Code § 335.1 (West 2007); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

Defendant argues that plaintiff's action against him accrued in 1997 or 1998. It is undisputed that defendant was employed at the Sierra Conservation Center as a physician and surgeon from March, 1997, through December, 1998. (Undisputed Fact 3.) It is also undisputed that defendant examined and treated plaintiff only in 1997. (U.F. 4.) It follows that defendant did not and could not have treated plaintiff after December 31, 1998. (U.F. 5.) Assuming that defendant's argument is correct, and plaintiff's action against him accrued, at the latest, on the last day of 1998, the one-year statute of limitations applies to plaintiff's action. Under this assumption, drawing a reasonable inference in favor of the plaintiff, if plaintiff knew or had reason to know of his injury on December 31, 1998, plaintiff had one year, until December 31, 1999, to file suit, subject to any applicable tolling provisions, discussed below.

### 2. Tolling

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. Jones v. Blanas, 393 F.3d 918, 927 (2004).

#### A. Disability of Imprisonment

Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1 (West 2007). Defendant has made no argument that this section does not apply; therefore, the court will apply it. Accordingly, applying statute of limitations law and the two-year tolling for disability of imprisonment to the undisputed facts of this case, plaintiff had until December 31, 2001, to file suit, subject to any other applicable tolling provisions, discussed below.

#### B. Equitable Tolling

Equitable tolling can "be used to stop a limitations period from continuing to run after it has already begun to run." Socop-Gonzalez v. Immigration and Naturalization Serv., 272 F.3d 1176, 1184 (2001) (internal quotations and citation omitted). Equitable tolling "'soften[s] the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.'" Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137 (9th Cir. 2001) (quoting Addison v. State of California, 21 Cal.3d 313, 316, 146 Cal.Rptr. 224, 578 P.2d 941 (1978)). Preventing the assertion of stale claims is the principal goal of statutes of limitation, and "'general policy . . . favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Daviton, 241 F.3d at 1137 (quoting Addision, 21 Cal.3d at 317). "[T]imely notice and absence of prejudice to defendant and plaintiff's good faith and reasonable conduct" are the requirements that control, id., and "tolling is appropriate where the record shows '(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and

///

reasonable conduct by the plaintiff in filing the second claim,'" id. at 1137-38 (quoting Collier v. City of Pasadena, 142 Cal.App.3d 917, 924, 191 Cal.Rptr. 681 (1983)).

Under California law, the equitable tolling doctrine tolls the statute of limitations while exhaustion occurs, regardless of whether or not exhaustion is prerequisite to filing suit. Donoghue v. County of Orange, 84 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318, 146 Cal.Rptr. 224, 578 P.2d 941 (1978). Here, defendant does not argue that equitable tolling does not apply. Plaintiff has provided evidence that he filed an inmate grievance (CDC Form 602) complaining of inadequate medical care on November 25, 2000. (Amended Complaint at 12:19-26.) Plaintiff also provided evidence that he filed a Director's Level appeal which was denied on July 30, 2001, thereby exhausting his administrative remedies to resolve his medical issues within the CDC. (Amended Complaint at 19:21-25.) Eight months and five days elapsed during the time plaintiff exhausted his administrative remedies, between November 25, 2000 and July 30, 2001. Applying the statute of limitations, the two-year tolling for disability of imprisonment, and equitable tolling during exhaustion of remedies to the undisputed facts of this case, plaintiff had until September 5, 2002, to file suit. Plaintiff filed his original complaint against defendant Rexin on or about April 24, 2002, (U.F. 1.), well after September 5, 2002. Under this analysis, plaintiff's action against defendant Rexin is not time-barred.

The court finds that defendant has not met his initial burden of informing the court of the basis of his motion and identifying those portions of the record which he believes demonstrate the absence of a genuine issue of material fact. Defendant has presented evidence that plaintiff filed his original complaint over four years after defendant was employed as a physician by the CDCR. However, based on the foregoing analysis, defendant's evidence is not sufficient to support his argument that, under applicable law, plaintiff's suit is time-barred by the statute of limitations and applicable tolling. Accordingly, the court finds that there exist disputes over material issues of fact regarding the timeliness of the complaint which preclude defendant from entitlement to summary judgment as a matter of law on plaintiff's Eighth Amendment claim against him.

**E. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the court HEREBY RECOMMENDS that defendant Rexin's second motion for summary judgment, filed April 20, 2007, be DENIED.

The Court further ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within TWENTY (20) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©.  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 11, 2008**                    /s/ **Sandra M. Snyder**
                                                                          UNITED STATES MAGISTRATE JUDGE