UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ABDALLA,<br><br>             Plaintiff,<br><br>       vs.<br><br>REXIN,<br><br>             Defendant.<br>_____/ | 1:02-cv-05453-LJO-SMS-P<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION (Doc. 139)<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT (Doc. 131)<br><br>ORDER REFERRING CASE BACK TO MAGISTRATE JUDGE FOR FURTHER SCHEDULING |

   Plaintiff, Mohammed Abdalla ("plaintiff"), is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

   On January 14, 2008, the Magistrate Judge filed Findings and a Recommendation herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendation were to be filed within twenty (20) days. On January 16, 2008, defendant filed objections to the Findings and Recommendation. On January 28, 2008, plaintiff filed a response to the Findings and Recommendation.

   In accordance with the provisions of 28 U.S.C.§ 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis.

   Defendant objected to the Findings and Recommendation based on the premise that defendant Rexin examined and treated plaintiff only in 1997, reasoning that plaintiff's claim against defendant could not have accrued after 1997, and concluding that plaintiff's action is

1

time-barred under the applicable statute of limitations.  However, the fact that defendant Rexin examined and treated plaintiff <u>only</u> in 1997 does not prove that plaintiff's claim could not have accrued after 1997.

The statute of limitations for claims brought under 42 U.S.C. §1983 is governed by the forum state's statute of limitations for personal injury actions.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67 (1985); <u>Van Strum v. Lawn</u>, 940 F.2d 406, 408 (9th Cir. 1991).  State law determines the applicable tolling doctrines (<u>see</u> <u>Elliott v. Union City</u>, 25 F.3d 800, 802 (9th Cir. 1994); <u>see</u> also <u>Hardin v. Straub</u>, 490 U.S. 536, 543-44 (1989)), but federal law determines when a cause of action accrues.  <u>Elliott</u> 25 F.3d at 801-02.  Under federal law, the limitation period begins to run when the plaintiff ***knows of or has reason to know of the injury*** that is the basis for the action. <u>Trotter v. International Longstoreman's and Warehouseman's Union, Local 13</u>, 704 F.2d 1141, 1143 (9th Cir. 1983)(<u>emphasis added</u>).   No findings have been made of the facts showing when plaintiff knew of or had reason to know of his injury.  Defendant has not addressed this issue, despite being given ample opportunity to "address[] the allegations actually made in the amended complaint." (Court Order, Doc. 130, at 2.)  The court cannot rule on matters not before it.  Therefore, the court shall adopt the Magistrate's findings that there exist disputes over material issues of fact regarding the timeliness of the complaint which preclude defendant from entitlement to summary judgment as a matter of law on plaintiff's Eighth Amendment claim against him.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed January 14, 2008, are ADOPTED IN FULL;
2. Defendant Rexin's second motion for summary judgment, filed April 20, 2007, is DENIED; and
3. This case is referred back to the Magistrate Judge for further scheduling.

IT IS SO ORDERED.

**Dated:   March 6, 2008**                              /s/ Lawrence J. O'Neill

UNITED STATES DISTRICT JUDGE