IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ABDALLA, | 1:02-cv-05453-LJO-SMS (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION<br>FOR APPOINTMENT OF COUNSEL |
| DR. REXIN SCC, | (DOCUMENT #147) |
| Defendant. | |
| _____/ | |

On May 21, 2008, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light

-1-

1 of the complexity of the legal issues involved." Id. (internal quotation marks and citations
2 omitted).
3     In the present case, the court does not find the required exceptional
4 circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has
5 made serious allegations which, if proved, would entitle him to relief, his case is not
6 exceptional.  This court is faced with similar cases almost daily.
7     For the foregoing reasons, plaintiff's motion for the appointment of counsel is
8 HEREBY DENIED, without prejudice.
9 IT IS SO ORDERED.
10 **Dated:   May 22, 2008**            **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE