**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHAMED ABDALLA, | 1:02-cv-05453-LJO-SMS-PC |
|        Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION |
|   vs. | (Doc. 156.) |
| DR. D. REXIN, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT |
|        Defendant. | (Doc. 153.) |
| | ORDER FOR PLAINTIFF TO FILE PRETRIAL STATEMENT BY <u>AUGUST 20, 2008</u> |
| | ORDER CONFIRMING JURY TRIAL |
| | Jury Trial: August 25, 2008, at 8:30 a.m. in Courtroom 4 (LJO) |

     Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's First Amended Complaint filed June 17, 2002, against defendant Dr. D. Rexin ("defendant") for inadequate medical care in violation of the Eighth Amendment. This matter is set for jury trial before the undersigned on August 25, 2008.

**I.    RELEVANT PROCEDURAL HISTORY**

     Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. On April 28, 2008, the court issued a Second Scheduling Order which required plaintiff to file a Pretrial Statement by June 16, 2008. (Doc. 143.) Plaintiff failed to file a Pretrial Statement. On July 16, 2008, the court issued a Notice of Waiver, notifying the parties that plaintiff was precluded from presenting evidence at trial, due to his failure to file the Pretrial Statement. (Doc. 150.) On August 5, 2008, defendant filed a motion to dismiss this action, based on

the court's Notice of Waiver.  (Doc. 153.)  On August 11, 2008, plaintiff filed a Motion for Reconsideration of the court's order precluding him from presenting evidence at trial.  (Doc. 156.)

## II.     MOTION FOR RECONSIDERATION

### A.     Legal Standard

Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 78-230(k)(3).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  <u>See</u> e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), <u>cert.</u> <u>denied</u>, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

### B.     Discussion

Plaintiff requests reconsideration by the court of its order of precluding him from presenting evidence at trial.  In its July 16, 2008 Notice of Waiver, the court found that plaintiff had waived his rights to present evidence, due to plaintiff's failure to comply with the court's order to file a Pretrial Statement.

Plaintiff states that he was unable to respond to the court's Second Scheduling Order because of lockdowns at CSATF which impeded his movement and prevented him from using the law library or obtaining assistance needed to prepare the Pretrial Statement.  Plaintiff argues that the delays at CSATF were out of his control and he did not understand the consequences of failing to respond to the court's order.  Plaintiff states that he has now obtained assistance and is committed to adhering to the trial schedule, responding to court orders, meeting his obligations, and following court rules to the best of his ability.

The court finds good cause for reconsideration of its order.  It is credible that the prison's lockdowns affected plaintiff's ability to move freely and use resources needed to prepare and file the Pretrial Statement.  It appears that plaintiff's failure to comply was largely a result of his lack of

knowledge and conditions outside of his control.  In light of this, the court shall grant plaintiff's motion for reconsideration and allow him to present evidence at trial.  However, plaintiff is forewarned that the court will not find the prison's lockdowns to be good cause for noncompliance again.  Plaintiff must comply with the court's orders or his case will be dismissed.

Plaintiff has submitted a Non-Argumentative Statement to the Jurors, which appears to be plaintiff's Opening Statement.  Plaintiff is advised that the parties, and not the court, will give any Opening Statements during the trial.  However, the court shall give a Neutral Statement of the Case, a brief summary of the case to acquaint the jury with the facts and claims in this action.  Plaintiff may wish to prepare and submit a Neutral Statement of the Case for the court's review.

### III. MOTION TO DISMISS

Defendant filed a motion to dismiss this action due to plaintiff waiver of his rights to present evidence at trial.  In light of the court's reconsideration of its Notice of Waiver herein, defendant's motion to dismiss is moot and shall be denied.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is GRANTED, and plaintiff's rights to present evidence at trial are reinstated;
2. Defendant's motion to dismiss is DENIED AS MOOT;
3. Plaintiff SHALL FILE a Pretrial Statement on or before August 20, 2008;
4. Plaintiff SHALL SUBMIT a Neutral Statement of the Case, if any, on or before August 20, 2008;
5. Jury trial in this action is CONFIRMED for August 25, 2008, at 8:30 a.m., in Courtroom 4 before Judge Lawrence J. O'Neill; and
6. Plaintiff's is FOREWARNED that his failure to comply with this order shall result in dismissal of this action.

IT IS SO ORDERED.

Dated:   August 12, 2008          /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE