IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ABDALLA,<br><br>    Plaintiff,<br><br>  vs.<br><br>DR. D. REXIN,<br><br>    Defendant.<br>_____/ | 1:02-cv-05453-LJO-SMS-PC<br><br>**AMENDED PRETRIAL ORDER**<br><br><u>Jury Trial</u>: August 25, 2008, at 8:30 a.m. in Courtroom 4 (LJO) |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's First Amended Complaint filed June 17, 2002, against defendant Dr. D. Rexin ("defendant") for inadequate medical care in violation of the Eighth Amendment. This matter is set for jury trial before the undersigned on August 25, 2008.

I. <u>Jurisdiction and Venue</u>

The court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district.

II. <u>Jury Trial</u>

The parties request trial by jury.

III. <u>Facts</u>

    A. <u>Undisputed Facts</u>

        1. Plaintiff suffered a back injury in 1997.

        2.      Defendant Rexin was employed at Sierra Conservation Center as a physician and surgeon from March 1997 through December 1998.

        3.      Defendant Rexin was not employed by CDCR or working at Sierra Conservation Center on November 15, 2000.

        4.      Defendant Rexin was not "personally involved" with the care and treatment provided to Plaintiff for his November 15, 2000 injury.

    B.    <u>Disputed Facts</u>

        1.      The parties dispute when plaintiff's injury arose.

        2.      The parties dispute the period to which plaintiff's claim for deliberate indifference pertains.

    C.    <u>Disputed Evidentiary Issues</u>

        None known.

IV.    <u>Relief Sought</u>

Plaintiff requests compensatory damages and medical expenses.

V.    <u>Points of Law</u>

    A.    <u>Eighth Amendment Claim Brought Pursuant to Section 1983</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County</u>, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "'A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106. Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." ' McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391

F.3d 1051, 1060 (9th Cir.2004).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (*quoting* Whitley, 475 U.S. at 319).

    Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*).  Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

VI.   Abandoned Issues

    None.

VII.   Witnesses

    a.   Defendant's Witnesses

        1)   Andrew McCluskey
            Litigation Coordinator
            Sierra Conservation Center
            5100 O'Byrnes Ferry Road
            Jamestown, CA 95327

        2)   James A. Rexin

    b.   Plaintiff's Witnesses

        Himself, Mohamed Abdalla.

VIII.   Exhibits

    None indicated by either party.

IX.   Stipulations

    None.

///

///

X. <u>Amendments-Dismissals</u>

Defendants Kramer and Howard were dismissed from the action on April 11, 2006, for plaintiff's failure to state a claim against them. (Docs. 25, 102.).  Defendants Bird, Sydenstricker and Witwer were dismissed via summary judgment on May 30, 2006. (Docs. 103, 106.)  Defendants Cammiso and Daly were dismissed on April 12, 2007, Cammiso on plaintiff's motion to voluntarily dismiss, and Daly for failure to effect service.  (Docs. 108, 130.)

XI. <u>Settlement Negotiations</u>

Defendant does not believe a further settlement conference under Local Rule 16-270 would be helpful.

XII. <u>Agreed Statements</u>

The parties could not come to an agreed statement.

XIII. <u>Separate Trial of Issues</u>

Defendant will seek bifurcation of the issue of punitive damages.

XIV. <u>Impartial Experts - Limitation of Experts</u>

None.

XV. <u>Attorneys' Fees</u>

Plaintiff is proceeding pro se and is not entitled to attorneys' fees.

Defendant says not applicable.

XVI. <u>Trial Exhibits</u>

None indicated by either party.

XVII. <u>Miscellaneous</u>

None.

XVIII. <u>Further Trial Preparation</u>

The parties are relieved of their obligation under Local Rule 16-285 to file trial briefs.

The court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial.  If the parties wish to submit a proposed verdict form, they must do so on or before **August 20, 2008**.

///

     Defendant shall file proposed jury instructions as provided in Local Rule 51-163 on or before **August 20, 2008**. If plaintiff wishes to file proposed jury instructions, he must do so on or before **August 20, 2008**.

     In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the court's disposition. Defendant shall provide the court with a copy of his proposed jury instructions via e-mail at: ljoorders@caed.uscourts.gov.

     Proposed voir dire questions, if any, shall be filed on or before **August 20, 2008**. Local Rule 47-162.

     The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **August 20, 2008**. The court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the court's prepared statement on the morning of trial. The original and two copies of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy Irma Lira no later than **August 20, 2008**. All of plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). All of defendant's exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX 201, etc.)

XVIV. <u>Objections to Pretrial Order</u>

     Any party may file and serve written objections to any of the provisions of this order on or before **August 20, 2008**. Such objections shall specify the requested modifications, corrections, additions, or deletions. If amendments to this order result from any written objections, an Amended Pretrial Order will issue.

<u>FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.</u>

IT IS SO ORDERED.

**Dated:   August 12, 2008**             /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE